# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RANDY SISSON,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-1218**  (BOR Appeal No. 2051403)
                        (Claim No. 2013003726)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Randy Sisson, by Edwin Pancake his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Toyota Motor Manufacturing WV, Inc., by James Heslep its attorney, filed a timely response.

The issues presented in the instant appeal are Mr. Sisson's request to reopen his claim for consideration of temporary total disability benefits and his request for mileage reimbursement. On May 15, 2015, the claims administrator denied Mr. Sisson's request to reopen his claim on a temporary total disability basis. On June 22, 2015, the claims administrator denied his request for mileage reimbursement for dates of service for August 7, 2012, through June 13, 2013. The Workers' Compensation Office of Judges affirmed both of the claims administrator's decisions on July 7, 2016. This appeal arises from the Board of Review's Final Order dated November 28, 2016, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Sisson injured his lower back on July 28, 2012, in the course of his employment with Toyota Motor Manufacturing WV, Inc., when a piece of equipment malfunctioned.[1] On July 30, 2012, he sought treatment in the emergency department of CAMC Teays Valley Hospital where he was diagnosed with a lumbar sprain and acute/chronic lower back pain. Additionally, a lumbar spine MRI performed on August 3, 2012, revealed degenerative disc disease. Mr. Sisson's claim for workers' compensation benefits was subsequently held compensable for a lumbar sprain/strain by Office of Judges' decision dated June 12, 2014. The WC-1 which contains the compensable diagnosis indicates that Mr. Sisson would miss work due to the work-related lumbar sprain/strain less than four days. In other words, the claim is a no-lost-time claim for purposes of payment of temporary total disability benefits.

Mr. Sisson sought treatment with Tigran Garabekyan, M.D., on December 20, 2012, amid complaints of right hip pain. Dr. Garabekyan noted that Mr. Sisson has an extensive history of back, hip, and lower extremity pain with associated numbness and tingling. He further noted that Mr. Sisson is currently undergoing physical therapy and is receiving treatment at a pain clinic. Dr. Garabekyan then opined that the majority of Mr. Sisson's current complaints are attributable to degenerative disc disease and focal nerve compression, as evidenced via the August 3, 2012, MRI.

On March 24, 2015, Mr. Sisson completed a temporary total disability benefits reopening application. The physician's portion of the application was completed by Sean DiCristofaro, M.D., Mr. Sisson's primary care physician. Dr. DiCristofaro listed Mr. Sisson's diagnosis as lumbago and indicated that Mr. Sisson was temporarily totally disabled from July 28, 2012, through June 24, 2013. The claims administrator denied Mr. Sisson's request to reopen his claim on a temporary total disability basis on May 15, 2015.

On June 12, 2015, Mr. Sisson's attorney submitted vouchers for mileage reimbursement for Mr. Sisson's travel to and from Teays Valley Medical and Rehabilitation Center, which cover appointments that occurred between August 7, 2012, and June 13, 2013.[2] On June 22, 2015, the claims administrator denied Mr. Sisson's request for mileage reimbursement.

Finally, Marsha Lee Bailey, M.D., performed an independent medical evaluation on August 6, 2015. Dr. Bailey noted that Mr. Sisson reported experiencing chronic lower back pain with numbness and tingling in the lower extremities. Mr. Sisson stated that his lower back pain worsened following the July 28, 2012, injury. She diagnosed Mr. Sisson with chronic lower back pain without true radiculopathy. Dr. Bailey then opined that it is reasonable to assume that Mr. Sisson sustained a simple sprain/strain at the time of the July 28, 2012, injury, which has long-since resolved. Additionally, she opined that the worsening of symptoms which Mr. Sisson is currently experiencing is most likely attributable to worsening lumbar degenerative disc disease, degenerative joint disease, and diabetic peripheral neuropathy.

---

[1] The Office of Judges found that although the record contains some disparity regarding the date of injury, a close inspection of the record reveals that the date of injury was July 28, 2012.

[2] Treatment records detailing these appointments were not submitted to this Court.

In its Order affirming the May 15, 2015, and June 22, 2015, claims administrator's decisions, the Office of Judges held that Mr. Sisson has failed to demonstrate that he was temporarily totally disabled as a result of the compensable injury, and has also failed to demonstrate that his request for mileage reimbursement was timely filed and related to authorized treatment for the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 28, 2016. On appeal, Mr. Sisson asserts that the evidence of record clearly demonstrates that he was temporarily totally disabled as a result of the compensable injury. He further asserts that he is entitled to mileage reimbursement for expenses incurred while travelling in order to receive treatment for the compensable injury.

Regarding Mr. Sisson's request to reopen his claim on a temporary total disability basis, the Office of Judges found that Mr. Sisson has a significant history of various pre-existing conditions in the lumbar spine upon which the compensable injury was superimposed. The Office of Judges further noted that both Dr. Garabekyan and Dr. Bailey attributed Mr. Sisson's symptoms to these pre-existing conditions. Moreover, the Office of Judges found that Mr. Sisson failed to submit any evidence demonstrating that he was temporarily totally disabled as a result of the compensable injury. Specifically, the Office of Judges found that a large portion of the evidence of record indicates that during the time frame that Mr. Sisson was unable to return to work, he was receiving treatment for pre-existing conditions.

Regarding the request for mileage reimbursement, the Office of Judges looked to West Virginia Code § 23-4-3(a)(2) (2005), which provides that payments or disbursements will not be made unless duly verified statements on forms prescribed by the claims administrator have been filed within six months after the rendering of treatment or within ninety days of a compensability ruling if the claim was initially rejected. Additionally, the Office of Judges looked to West Virginia Code of State Rules § 85-1-15 (2009), which discusses a claimant's right to receive mileage reimbursement in certain circumstances. The Office of Judges found that the travel vouchers were submitted on June 12, 2015, and because the claim was held compensable on June 12, 2014, the vouchers were not submitted within the statutorily prescribed time frame. Moreover, the Office of Judges found that Mr. Sisson failed to submit evidence demonstrating that the mileage reimbursement requests arose from travel related to treatment rendered in the instant claim. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker